IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


PETER ALLEN SARRACINO,

        Petitioner,

vs.                                                  CIV  NO. 05-1284 JH/ACT


MARK BEZY, Warden,

        Respondent.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Peter Allen Sarracino's Petition for the Writ of Habeas Corpus.  Petitioner filed his Petition on December 8, 2005.  [Doc. No. 1].  Respondent filed an Answer, with accompanying Exhibits, on March 22, 2006, together with a Motion to Dismiss and a Memorandum in Support, [Doc. Nos. 7, 8, and 9], to which Petitioner filed a responsive pleading, [Doc. No. 12].  The District Court Judge to whom this case has been assigned entered an Order of Reference directing this Court to recommend an ultimate disposition of this case. [Doc. No. 3].

The United States Magistrate Judge, having reviewed the Petition, the Answer, the accompanying Exhibits, the Motion to Dismiss, the Petitioner's Response, and the relevant law, recommends that the Petition for a Writ of Habeas Corpus be DENIED because the Petitioner has

failed to exhaust his state remedies. The claims presented in this Petition must first be presented to the state courts for review. In this particular case, Petitioner's state court Petition for the Writ of Habeas Corpus is still open and awaiting a decision. Therefore, in this case, Petitioner not only is required to present his claims to the state court first in accord with the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), but has the opportunity to present them as well.[1] The Court recommends that the Respondent's Motion to Dismiss be GRANTED because the Petitioner has not fully exhausted his state remedies.

## PROPOSED FINDINGS

1. Petitioner is currently incarcerated in a federal correctional facility and is serving a life sentence pursuant to a conviction in federal court of kidnapping and second degree murder. Petitioner has also been sentenced to a second life sentence pursuant to convictions in a New Mexico state court of first degree murder and other crimes. The state court's sentence will run consecutive to the federal sentence. Only the state court convictions are at issue in this Petition for the Writ of Habeas Corpus.

2. This case, now over ten years old, began on Laguna Pueblo with a fight at a party that escalated into terrible violence and ended with the murder by Petitioner and others of two men, Julius Brown and Jeremy Nelson, at two different locations. Because Brown was killed on federal land, Petitioner was tried in federal court for the kidnapping and murder of Brown. Because

---

[1] This statement does not mean that even if Petitioner exhausts his claims in state court but is unsuccessful in obtaining his requested relief that a subsequent federal Petition may not be time-barred by the one year time limitation of the AEDPA. The Court is not addressing the Respondent's argument that this Petition is time-barred at this time.

Nelson was killed on state land, Petitioner was tried for Nelson's murder in state court. Petitioner was represented by appointed counsel, Ron Koch, in both trials.  The federal convictions were appealed to the Court of Appeals for the Tenth Circuit and the state convictions were appealed to the Supreme Court of the State of New Mexico. All convictions were affirmed.  See, United States v. Sarracino, 131 F. 3d 943 (10th Cir. 1997) and State v. Sarracino, 964 P.2d 72 (1998).

2.  Petitioner has raised two unexhausted claims in this Petition: 1) that he has newly discovered evidence from two of his co-defendants, which he presented in the form of attached affidavits, that their testimony at Petitioner's trial was coerced and false, and 2) that his due process rights were violated and that jurisdictional violations took place because he was arrested on the Laguna Pueblo, which is within the exterior boundaries of the United States, kidnapped by the FBI and turned over to state officials for prosecution thus denying him his recourse to tribal courts.

3.  Petitioner's state court conviction was upheld by the New Mexico Supreme Court and the mandate issued on August 7, 1998. [Answer, Exhibit K].  Petitioner filed a state Petition for the Writ of Habeas Corpus on August 19, 1999. [Answer, Exhibit L].  The Petition has been pending in Cibola District Court since that time.  In January, 2005, it was assigned to a new judge.  The state Petition is still an open, active case. [2]

### PETITIONER'S WRIT SHOULD BE DENIED  BECAUSE PETITIONER FAILED TO EXHAUST HIS REMEDIES IN STATE COURT

---

[2]  Magistrate Judge Torgerson's law clerk has called the staff of the judge currently assigned to the state petition, Judge George P. Eichwald, and has confirmed that the case is still open.

    4. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that an application for the writ of habeas corpus for a person in custody pursuant to a judgment of a State court will not be granted "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254 (B)(I).

    5. The doctrine of the exhaustion of state remedies requires that a state prisoner who seeks a petition for the writ of habeas corpus in federal court first adequately present his claims to the state courts below. The purpose of the exhaustion requirement is to allow the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal courts. Vasquez v. Hillary, 474 U.S. 254, 257 (1986) (quoting Picard v. Connor, 404 U.S. 270, 275-76 (1971).

    6. The AEDPA requires that Petitioner must first present his claims to the state courts and exhaust all remedies available to him in the state courts before presenting these claims to the federal court in a petition for the writ of habeas corpus. The state courts are the forum required for initially raising and subsequently exhausting these claims.

## RECOMMENDATION

    7. Therefore, the Court recommends that the Petition for the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED because the Petitioner has failed to exhaust his claims in the state courts. The Court also recommends that the Respondent's Motion to Dismiss be GRANTED because the Petitioner has failed to exhaust his claims in state court.

    8. The Petitioner has also moved for an Order compelling the Respondent to produce some discovery. [Doc. No. 6]. In light of the disposition of this Petition, the records sought are

unnecessary for the Court's decision. Therefore, the Court recommends that Petitioner's Motion for the Production of Discovery be DENIED.

### NOTIFICATION

THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE